# State of Vermont v. Robert Stevens

[423 A.2d 853]

No. 46-80

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1980

*Mark J. Keller,* Chittenden County State's Attorney, and *Robert V. Simpson, Jr.,* Deputy State's Attorney, Burlington, for Plaintiff.

*Allan Bruce,* Burlington, for Defendant.

**Barney, C.J.** This is an appeal of a conviction for driving while intoxicated. Only one issue is raised on appeal. The defendant complains that a witness on the list provided by the prosecution in compliance with V.R.Cr.P. 16(a)(2)(E) was not called, and was not available for cross-examination.

The prosecution arose out of an accident where the defendant failed to negotiate a turn and was thrown from his motorcycle. He was injured and taken to the hospital. It was there that the blood sample was taken that was used in this prose-

cution. A State's witness testified that a certain doctor took the blood sample. A witness for the defendant testified that that doctor did not take the sample.

To establish by chemical test the charge of driving while intoxicated, the State was required to establish as one of the elements that a physician, licensed nurse or medical technician drew the blood for the test. 23 V.S.A. § 1203(a). The defendant proposed to challenge the proof of this issue. The State claims it sufficiently established its case through a police officer who testified that he observed a doctor take the sample. It claims it did not need to put the doctor on the witness stand. The defendant protested the absence and unavailability of the doctor, contending for his right to cross-examine to determine the circumstances of the blood taking. The trial court would not allow a continuance to obtain the testimony of the doctor.

The argument of the defendant suggests that he was unfairly deprived of the right to present a witness on his own behalf, either by the deception of the prosecutor or the failure of the trial court to remedy the situation. If the prosecutor's act could be characterized as deceptive, it would be a serious breach of ethics and reversal would likely be required. Likewise, if the circumstances reflected, or should have reflected, to the trial court that unfair advantage had either deliberately or accidentally been taken to deprive the defendant of his right to fully advance his case in defense, it would be an abuse of discretion to fail to act to remedy it in appropriate fashion. See *State* v. *Evans*, 134 Vt. 189, 193, 353 A.2d 363, 366 (1976).

██ However, that is not this case. The prosecutor is not required to use every witness on his list. The purpose of the list is to inform the defendant about who may testify for the State in the case. If the defendant wants to insure that a particular witness is present to testify, he may do so by use of a subpoena. V.R.Cr.P. 17. That was not done here, and the risk must be held to fall on the defendant.

*Judgment affirmed.*